No. 26-2242

**UNITED STATES COURT OF APPEALS**
**FOR THE FOURTH CIRCUIT**

MARY COMANS,

Plaintiff-Appellee

v.

EXECUTIVE OFFICE OF THE PRESIDENT;
DEPARTMENT OF HOMELAND SECURITY;
UNITED STATES OF AMERICA,

Defendants-Appellants.

On Appeal from the United States District Court for the Eastern District of Virginia No. 1:25-cv-01237-MSN-WEF

# APPELLEE MARY COMANS' MOTION TO DISMISS

Appellee Mary Comans hereby moves to dismiss this appeal on the grounds that the order Defendants appealed from was not a "final decision" subject to appeal under 28 U.S.C. §1291.

**PROCEDURAL HISTORY**

Ms. Comans filed this action in the United States District Court for the Eastern District of Virginia on July 24, 2025. Complaint, *Comans v. Executive Office of the President*, No. 1:25-cv-01237 (E.D. Va. July 24, 2025), ECF No. 1 (hereinafter *Comans* E.D. Va.) . Defendants moved to dismiss for lack of subject matter jurisdiction on January 5, 2026. Def's Mot. to Dismiss, *Comans* E.D. Va., ECF No. 26 . After briefing and argument, the Court denied the motion on April 15, 2026. Order, *Comans* E.D. Va., ECF No. 42. On May 8, 2026, Ms. Comans moved for partial summary judgment on her claims that she was deprived of property without due process as well as liberty without due process. Pl.'s Mot. for Partial Summ. J., *Comans* E.D. Va., ECF No. 45. Defendants filed a cross-motion for summary judgment on June 8, 2026. Defs.' Cross-Mot. for Summ. J., *Comans* E.D. Va., ECF No. 54. After briefing and argument, the District Court granted Ms. Comans' motion in full and Defendants' motion in part on July 21, 2026. Mem. Op. & Order, *Comans* E.D. Va., ECF No. 64. As a remedy for the deprivation of liberty without due process, the Court ordered that a name-clearing hearing take

place before a Magistrate Judge, but the Court did not order any remedy for the deprivation of property without due process. *See id.* at 16.

Defendants filed a notice of appeal the same day that the Court issued its opinion, July 21, 2026. Notice of Appeal, *Comans* E.D. Va., ECF No. 67. The Notice states:

> Defendants hereby appeal to the United States Court of Appeals for the Fourth Circuit the Court's Judgment, and Memorandum Opinion and Order, entered on July 21, 2026, ECF Nos. 65 and 64, respectively, as well as those prior opinions and orders that provide the legal basis for the Judgment and Memorandum Opinion and Order, including, but not limited to, the Court's Order, entered on April 15, 2026, ECF No. 42, granting in part, denying in part, Defendants' Motion to Dismiss.

*Id.*

Subsequent to the filing of the notice of appeal, the Magistrate Judge held two hearings and received two sets of written submissions related to the name-clearing hearing. The matter is now submitted but no decision has issued.

Ms. Comans has now moved the district court to order a remedy for the deprivation of property without due process. Pl.'s Mem. in Supp. of Mot. for Order Remedying Deprivation of Property, *Comans* E.D. Va., ECF No. 84. The Motion seeks reinstatement with restoration of service credit and other benefits. *Id.*

Once the District Court Judge and Magistrate Judge have ruled on all remedial issues, Ms. Comans intends to petition for fees and costs.

On September 22, 2026, this Court issued a briefing schedule. Briefing Order, Comans v. Exec. Off. of the President, No. 26-2242 (4th Cir. Sept. 22, 2026), ECF No. 8.

Counsel for Appellee requested that Appellants consent to this motion by email to Appellants' counsel on October 5, 2026, and Appellants' counsel indicated they would oppose the motion by email on October 6, 2026.

## ARGUMENT

The grant of judgment on liability that does not fully address all prayers for relief is not a "final decision" subject to appeal under 28 U.S.C. §1291. The Supreme Court so held in *Liberty Mutual Insurance Co. v. Wetzel*, 424 U.S. 737 (1976). There the Court held that the grant of summary judgment on liability was not a final order, reasoning that "even if we accept respondents' contention that the District Court's order was a declaratory judgment on the issue of liability, it nonetheless left unresolved respondents' requests for an injunction, for compensatory and exemplary damages, and for attorneys' fees. It finally disposed of none of respondents' prayers for relief." *Id*. at 742. Exactly the same is true here.

The Supreme Court has reaffirmed that holding several times since *Liberty Mutual.* In *Cunningham v. Hamilton County*, 527 U.S. 198, 204 (1999), the Court reiterated, "we have held that a decision is not final, ordinarily, unless it 'ends the

litigation on the merits and leaves nothing for the court to do but execute the judgment.'" And in *Van Cauwenberghe v. Biard,* 486 U.S. 517, 521–22 (1988), the Court reaffirmed, "A party generally may not take an appeal under § 1291 until there has been a decision by the district court that 'ends the litigation on the merits and leaves nothing for the court to do but execute the judgment.'" And nearly a century ago, the Court made clear in *Catlin v. United States,* 324 U.S. 229, 233 (1945), that "the right to appeal rests upon Section 128 of the Judicial Code. This limits review to 'final decisions' in the District Court. A 'final decision' generally is one which ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." And the Court further explained:

> The foundation of this policy is not in merely technical conceptions of "finality." It is one against piecemeal litigation. "The case is not to be sent up in fragments * * *." . . Reasons other than conservation of judicial energy sustain the limitation. One is elimination of delays caused by interlocutory appeals.

*Id*. at 233-34 (cleaned up).

The Fourth Circuit has also stated that "'[i]t is clear that [an] order finding only liability [is] not a final order within the meaning of 28 U.S.C. § 1291 because fewer than all the issues [are] decided,' specifically if all remedial issues are not resolved." *Sharpe v. Van Hauen*, 806 F.2d 258, 1986 WL 18206,at *1 (4th Cir. 1986). A notice of appeal from such an order is "clearly premature" and the proper course of action is for the Court of Appeals to dismiss the appeal without prejudice

to a timely, subsequent appeal. *Id.*; *see also United States ex rel. Joseph Marion Bldg. Corp. v. Dember Construction Corp.*, 600 F.2d 11(4th Cir.1979).

Moreover, in this case, the District Court Judge did not direct entry of a final judgment as is permitted under Fed. R. Civ. P. 54(b) when some, but not all claims, are finally adjudicated. And, even if the Court had done so, *Liberty Mutual* makes clear that would not have somehow transformed the grant of summary judgment that does not full address remedies into a final, appealable order. The Supreme Court held,

> The District Court and the Court of Appeals apparently took the view that, because the District Court made the recital required by Fed. Rule Civ. Proc. 54(b) that final judgment be entered on the issue of liability, and that there was no just reason for delay, the orders thereby became appealable as a final decision pursuant to 28 U.S.C. § 1291. We cannot agree with this application of the Rule and statute in question.

424 U.S. at 742. The rule permits a district court "to direct entry of a final judgment" on one or more claims even though other claims in the action remain pending. But, as the Court explained in *Liberty Mutual*, that direction cannot transform a non-final order on any claim into a final judgment. "[D]espite the fact that the District Court undoubtedly made the findings required under the Rule, had it been applicable, those findings do not in a case such as this make the order appealable pursuant to 28 U.S.C. § 1291." *Id*. at 743-44.

## CONCLUSION

For the above-stated reasons, the Court should dismiss this appeal.

Dated: October 7, 2026

Respectfully submitted,

*/s/ Harold Craig Becker*
Harold Craig Becker (D.C. Bar #371239)
Taryn Wilgus Null (D.C. Bar #985724)
Norman L. Eisen (D.C. Bar #435051)
DEMOCRACY DEFENDERS FUND
600 Pennsylvania Avenue, S.E., No. 15180
Washington, D.C. 20003
T: (202) 594-9958
craig@democracydefenders.org
taryn@democracydefenders.org
norman@democracydefenders.org

*/s/ Mark S. Zaid*
Mark S. Zaid (D.C. Bar #440532)
LAW OFFICES OF MARK S. ZAID, P.C.
1250 Connecticut Avenue, N.W., Suite 700
Washington, D.C. 20036
T: (202) 498-0011
Mark@MarkZaid.com

## CERTIFICATE OF COMPLIANCE

This motion complies with the type-volume limit of Federal Rule of Appellate Procedure 27(d)(2)(A) because it contains 1,270 words. This motion also complies with the typeface and type-style requirements of Federal Rule of Appellate Procedure 32(a)(5)-(6) because it was prepared using Word for Microsoft 365 in Times New Roman 14-point font, a proportionally spaced typeface.

*/s/ Harold Craig Becker*
Harold Craig Becker

**CERTIFICATE OF SERVICE**

I hereby certify that on October 7, 2026, I electronically filed the foregoing motion with the Clerk of the Court for the United States Court of Appeals for the Fourth Circuit by using the appellate CM/ECF system. Service will be accomplished by the appellate CM/ECF system.

*/s/ Harold Craig Becker*
Harold Craig Becker