**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FOURTH CIRCUIT**

| | |
|---|---|
| MARY COMANS,<br><br>Plaintiff-Appellee,<br><br>v.<br><br>EXECUTIVE OFFICE OF THE PRESIDENT;<br>DEPARTMENT OF HOMELAND SECURITY;<br>UNITED STATES OF AMERICAN,<br><br>Defendants-Appellants, | No. 26-2242 |

## OPPOSITION TO PLAINTIFF'S MOTION TO DISMISS

The government opposes plaintiff Mary Comans' motion to dismiss. The government noticed this appeal from the district court's order and judgment dated July 21, 2026. Dkt. 64 (Order); Dkt. 65 (Judgment). There can be no question that order constitutes a final decision subject to appeal under 28 U.S.C. § 1291. The order resolved the parties' cross-motions for summary judgment, granting judgment in Comans' favor on her claims that the termination of her employment deprived her of property and liberty without due process and granting judgment in the government's favor on all remaining claims. Dkt. 64, at 16.

In her motion to dismiss, Comans urges that the district court's order did not constitute a final judgment because, in her view, the district court's

judgment did not "fully address" the question of remedy for one of the claims on which she prevailed. Mot. 4. That is incorrect. As a remedy for her claim that she was deprived of property without constitutional due process, the court entered a declaratory judgment. As a remedy for her claim that she was deprived of liberty without constitutional due process, the court entered a declaratory judgment and ordered that a name-clearing hearing take place before a magistrate judge. The court's opinion did not suggest that it intended to grant further remedies for either claim. On the contrary, the court has expressly denied Comans' other prayers for relief.

In short, the July 21 order resolved all of Comans' claims—including any question of appropriate remedy for the claims on which she prevailed—"end[ing] the litigation on the merits and leav[ing] nothing for the court to do but execute the judgment." *Cunningham v. Hamilton Cnty.*, 527 U.S. 198, 204 (1994) (quotation marks omitted). It is thus unquestionably a final decision within the meaning of 28 U.S.C. § 1291. To the extent Comans believes that declaratory judgment was not a sufficient remedy for her claim that she had been denied property without due process, the appropriate course of action would have been to file a timely motion to amend the judgment or to notice a cross-appeal from the district court's final judgment. She did not do so. The fact that she is not satisfied with the

relief she was awarded does not render the district court's judgment non-final for the purpose of appellate jurisdiction. This Court should deny Comans' motion to dismiss.

## FACTUAL AND PROCEDURAL BACKGROUND

**1.** Plaintiff Mary Comans previously served as the Chief Financial Officer of the Federal Emergency Management Agency, a component of the Department of Homeland Security. In that position, Comans served as a career member of the Senior Executive Service (SES), and oversaw the formulation and execution of an annual budget amounting to over $45 billion and a workforce of over 450 people. Dkt. 64, at 3.

On February 11, 2025, Comans was notified in writing that she was being removed from the federal civil service, effective immediately. Dkt. 64, at 4-5. The notification stated that her removal was "being taken pursuant to Article II of the United States Constitution, at the direction of the President." *Id.* at 5.

**2.** Comans filed this action challenging her removal in the United States District Court for the Eastern District of Virginia. She alleged due process claims (Counts I and II), a constitutional challenge to an Executive Order (Count III), Administrative Procedure Act claims (Counts IV and V), a declaratory judgment claim (Count VI), and a mandamus claim (Count

VII). Dkt. 1, at 12-16. Her prayer for relief requested an order requiring immediate reinstatement, backpay, a name-clearing hearing, declaratory judgment, and attorney's fees. *Id.* at 17.

**3.** Defendants moved to dismiss for lack of subject matter jurisdiction. Dkt. 26. That motion urged that the Civil Service Reform Act of 1978 (CSRA) requires that Comans take all claims related to her removal to the Merit Systems Protection Board (MSPB), and from there, to the Federal Circuit.

The district court denied that motion in part and granted it in part. Dkt. 42. Specifically, the court concluded that the MSPB "has no jurisdiction" over Comans' due process claims, Dkt. 42, at 8, and therefore, the court "necessarily has federal question jurisdiction" over those two claims because of the "'serious constitutional question that would arise if [the CSRA] were construed to deny any judicial forum'" for those claims, Dkt. 42, at 9 (alteration in original) (quoting *Coleman v. Napolitano*, 65 F. Supp. 3d 99, 104 & n.4 (D.D.C. 2014)). The court concluded, however, that Comans' Administrative Procedure Act claims "cannot proceed," and dismissed those two claims. Dkt. 42, at 10-11. The court also noted that, "although the Complaint requests the remedy of back pay and money damages, . . . none of the claims pleaded would permit the Court to afford

such relief as a matter of sovereign immunity," and it ordered that request for relief dismissed. *Id.* at 10-11. Finally, the court held that Comans did not have standing to pursue her constitutional challenge to the Executive Order, *id.* at 10, and it dismissed that claim, *id.* at 11.

**4.** Comans subsequently moved for partial summary judgment on her claims that she was deprived of property and liberty without due process. Dkt. 45. Defendants filed a cross-motion for summary judgment on all of Comans' remaining claims. Dkt. 54.[1]

After briefing and argument, the district court granted Comans' motion in full. As to Comans' claim that she was deprived of her property without due process, the court concluded that the CSRA places restrictions on the circumstances under which SES members may be removed from their positions, Dkt. 64, at 8-9, and that these restrictions vested Comans

[1] After the district court's order on the motion to dismiss, only Comans' due process claims (Counts I and II), her declaratory judgment claim (Count VI), and her mandamus claim (Count VII) remained. Comans' motion for partial summary judgment did not seek summary judgment on her declaratory judgment claim or her mandamus claim. Defendants sought summary judgment on all four counts. As discussed below, the district court granted summary judgment to defendants on Comans' mandamus claim. Dkt. 64, at 16. The court granted summary judgment in Comans' favor on her two due process claims and her declaratory judgment claim, *id.* at 16, based on her acknowledgment that declaratory judgment is not a "standalone" claim, but rather, appropriate relief for the constitutional claims on which she sought and obtained summary judgment, Dkt. 58, at 28-29.

with a protected property interest in her continued federal employment, *id.* at 6. The court concluded that this interest was violated because "it is undisputed that Plaintiff was fired without any reason and without any process whatsoever." *Id.* at 6. In so holding, the court rejected defendants' arguments that these removal protections are unconstitutional as applied to Comans because she is an inferior officer who must be removable at will by the President. *Id.* at 7. Accordingly, the court concluded that Comans was "entitled to summary judgment on Count I" of her complaint, as well as a "declaratory judgment" to remedy that claim. *Id.* at 12; *see also id.* at 16 ("[I]t is further DECLARED that Defendants deprived Plaintiff of her property interest in continued federal employment without due process of law[.]").

As to Comans' claim that she was deprived of liberty without due process, the court concluded that around the time of her termination, defendants "publicized highly-damaging statements that implied serious defects on her part," and that Comans has "never been afforded an opportunity to refute these accusations." Dkt. 64, at 12. The court held that this "deprivation of liberty amounts to a denial of adequate procedure." *Id.* at 12-13. Turning to the question of remedy, the court noted that "a name-clearing hearing" is the typical remedy for this type of reputational claim

and rejected defendants' arguments that such a hearing would be a "meaningless exercise" because Comans was not terminated on the basis for any impropriety. *Id.* at 13. Accordingly, the district court concluded that Comans was "entitled to summary judgment on Count II, declaratory judgment thereto, and a name-clearing hearing." *Id.* at 16 ("[I]t is further DECLARED that Defendants deprived Plaintiff of her liberty interest in her good name without due process of law[.]"). The court directed that the name-clearing hearing would be held before a magistrate judge. *Id.*

Finally, the court granted defendants' motion for summary judgment on Comans' mandamus claim. Dkt. 64, at 16. The court ordered that the parties' cross-motions for summary judgment were "otherwise DENIED." *Id.* Because there remained no further claims to address, the court directed the Clerk of the Court "to enter judgment in Plaintiff's favor pursuant to Federal Rule of Civil Procedure 58 on Counts I, II, and VI" of her complaint, and to enter judgment in defendants' favor on all other counts. *Id.*; *see also* Dkt. 66 (Judgment).

Defendants filed a notice of appeal from this final judgment on the same day that it issued. Dkt. 67.

**5.** On referral to a magistrate judge to conduct a name-clearing hearing, the parties agreed to proceed on the basis of written submissions.

Defendants did not contest Comans' proffered facts and the magistrate judge deemed those facts admitted. *See* Dkt. 86, at 2.

On October 13, 2026, the magistrate judge issued a written opinion on the name-clearing. Dkt. 86. That opinion stated that the purpose of the name-clearing hearing was to afford Comans "the opportunity to rebut the public stigma caused by derogatory statements made about her by high-ranking government officials" in order to provide Comans "with the due process she was denied by the Government at the time she was fired." *Id.* at 1. The magistrate judge noted that "name-clearing hearings are rare in federal court; instead they are usually conducted by the plaintiff's former employer" but that the circumstances of this case suggested that the process should be "conducted by an independent judicial officer and memorialized in an Order of the Court." *Id.* The purpose of that order was "to correct the public record and establish as a matter of law that the statements made" about Comans "were objectively and demonstrably false." *Id.* at 2.

## DISCUSSION

**1.** This Court plainly has jurisdiction over the current appeal under 28 U.S.C. § 1291. That statute vests the courts of appeals with jurisdiction over appeals from "final decisions" of the district courts. *Id.* The purpose

of this limitation is to prevent "'separate appeals from the various rulings to which a litigation may give rise, from its initiation to entry of judgment.'" *Cunningham v. Hamilton Cnty., Ohio*, 527 U.S. 198, 203-04 (1999) (quoting *Firestone Tire & Rubber Co. v. Risjord*, 449 U.S. 368, 374 (1981)). Consistent with this purpose, the Supreme Court has held that a decision is final for purposes of 28 U.S.C. § 1291 if it "'ends the litigation on the merits and leaves nothing for the court to do but execute judgment.'" *Id.* at 204 (quoting *Van Cauwenberghe v. Biard*, 486 U.S. 517, 521-22 (1988)).

The district court's July 21, 2026 order is unquestionably a final decision within the meaning of 28 U.S.C. § 1291 because it disposes of all of Comans' claims and prayers for relief. Comans' complaint raised seven claims: two procedural due process claims challenging her removal (Counts I and II), a constitutional challenge to an Executive Order (Count III), two Administrative Procedure Act claims (Counts IV and V), a claim requesting declaratory judgment (Count VI), and a claim for a writ of mandamus ordering reinstatement to her prior position (Count VII). Dkt. 1, at 12-16. Her prayer for relief requested declaratory judgment, a name clearing hearing, an award of backpay and damages, reinstatement, and attorney's fees. *Id.* at 17.

At an earlier stage of the proceedings, the district court dismissed several of Comans' claims for lack of subject-matter jurisdiction, as well as her request for backpay and damages. Dkt. 42, at 11 (dismissing Counts III, IV, and V, and her request for backpay and money damages). And the court's July 21 order disposed of all remaining claims and requests for relief. *See* Dkt. 64, at 16. It granted summary judgment in Comans' favor as to her two constitutional claims that her removal deprived her of her property and liberty without due process (Counts I and II), as well as her related request for declaratory judgment (Count VI), and it granted summary judgment in the government's favor on her mandamus claim that she be reinstated to her prior position (Count VII). *Id.*

To remedy Comans' claim that she was deprived of property without due process, the district court entered a declaratory judgment. Dkt. 64, at 12, 16. To remedy her claim that she was deprived of liberty without due process, the district court entered a declaratory judgment and ordered that a name-clearing hearing take place to grant her the opportunity to be heard that she was denied when she was removed without due process. *Id.* at 16. Because the court's opinion disposed of all of Comans' claims and requests for relief, it "end[ed] the litigation on the merits and le[ft] nothing for the court to do but execute judgment." *Cunningham*, 527 U.S. at 204

(quotation marks omitted). It is thus a final decision within the meaning of 28 U.S.C. § 1291.

**2.** In her motion to dismiss, Comans urges that the district court's decision is not final because it did not fully address the question of remedy for the claims on which she prevailed. Mot. 4. Specifically, Comans argues that the court "did not order any remedy" for her claim that she had been deprived of property without due process. Mot. 3. That is incorrect. As discussed, the district court entered a declaratory judgment on that claim. Dkt. 64, at 12, 16. A declaratory judgment is not merely a finding of liability; it is an "equitable remedy" "limited by 'the broad boundaries of traditional equitable relief.'" *Wells v. Johnson*, 150 F.4th 289, 300, 300-01 (4th Cir. 2025) (quoting *Grupo Mexicano de Desarrollo, S.A. v. All. Bond Fund, Inc.*, 527 U.S. 308, 319 (1999)). And the court denied all other requested remedies that could arguably apply to this claim. As noted, at an earlier stage of the litigation, the district court dismissed Comans' request for backpay and money damages for lack of subject-matter jurisdiction. Dkt. 42, at 11. And the court granted summary judgment in the government's favor on Comans' mandamus claim, Dkt. 64, at 16, which was the only claim that expressly requested reinstatement, *see* Dkt. 1, at 16 ("Comans is entitled to a writ of mandamus commanding Defendants to

return her to office and not remove her without following lawful procedures.”). Indeed, her mandamus claim was the only claim that *could* support such relief. *See Trump v. Cook*, 146 S. Ct. 2234, 2250 (2026) (recognizing that permanent, rather than preliminary, reinstatement of executive officers is available only through a writ of mandamus); *see also* Dkt. 1, at 16 (alleging that mandamus is necessary because “there is no other adequate means of redress”).

Put simply, there are no open questions as to the appropriate remedy. The district concluded that declaratory judgment—and only declaratory judgment—was an appropriate remedy for Comans’ claim that she was deprived of property without due process. To the extent Comans believed that declaratory judgment was not a sufficient remedy or that the court made a mistake in granting summary judgment in the government’s favor on her mandamus claim, she should have filed a timely motion to amend the judgment or taken a cross-appeal on those questions. She did not do so. But the fact that she is dissatisfied with the remedy that the court awarded does not render the district court’s judgment non-final.

Comans’ motion also notes that, shortly before filing her motion to dismiss this appeal, she filed a motion in district court alleging that she had not been provided a remedy for her deprivation of property claim and

seeking reinstatement. Mot. 3; Dkt. 83. As discussed, the district court has already granted a remedy for that claim and denied Comans' mandamus claim. Comans' motion seeking reinstatement is thus, at best, a procedurally improper motion to alter or amend the judgment. Not only has the time to file such a motion expired, *see* Fed. R. App. 59(e), but this appeal divests the district court of jurisdiction to consider the motion, *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982) (per curiam) ("The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal."). But regardless of the propriety of her motion, the fact that Comans has decided, several months after the entry of final judgment that she is dissatisfied with the remedy that the district court provided does not change the finality of the court's judgment.

This case is thus entirely unlike *Liberty Mutual Insurance Co. v. Wetzel*, 424 U.S. 737 (1976), on which Comans chiefly relies, Mot. 4-5. That case concerned a claim that certain employee insurance benefits and maternity leave regulations discriminated against women in violation of the Civil Rights Act. *Id.* at 739. The plaintiff in that case moved for partial summary judgment "only as to the issue of liability," *id.* at 740, and the

district court held on summary judgment that the policies violated the law, *id.* at 741. The court subsequently entered an order stating that it would issue an injunction of the practices it found to be in violation and invited additional filings regarding the appropriate scope of an injunction. *Id.* at 741. After defendants filed a notice of appeal and requested a stay of any injunctive order, the district court directed that final judgment be entered according to Federal Rule of Civil Procedure 54(b), *id.* at 741-42, which permits district courts to direct entry of a final judgment "as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay," Fed. R. Civ. P. 54(b).

The Supreme Court concluded that this was improper because Rule 54(b) "is limited expressly" to situations where there are multiple claims and only a limited subset have been finally decided. *Liberty Mutual*¸527 U.S. at 742-43. It is not available when, as was the case in *Liberty Mutual*, the district court has addressed the question of liability on a claim but has not finally addressed the question of what remedy should issue for that claim. *Id.* at 743-44; *see also id.* at 742 (noting that the district court "left unresolved [plaintiffs'] request for an injunction, for compensatory and exemplary damages, and for attorneys' fees" and, indeed, had "disposed of none of [plaintiffs'] prayers for relief").

Here, by contrast, the court has issued a remedy for all claims on which Comans prevailed. *See supra* pp. 10-13. Likewise, unlike *Liberty Mutual*, the court has not invited further briefing on remedy or reserved further consideration on any remedial questions. To the contrary, with the exception of attorneys' fees—which, as discussed further below, have no bearing on the finality of a judgment—the district court has finally disposed of each remedy pleaded in Comans' prayer for relief. Its judgment is thus final for purposes of appeal.

**3.** Aside from her erroneous claim that the district court has not issued a remedy for her claim that she was deprived of property without due process, Comans' motion to dismiss identifies no other deficiencies in the court's order that would render the judgment non-final.

As already noted, Comans concedes that the district court ordered a remedy for her claim that she was deprived of liberty without due process by ordering that she be afforded a name-clearing hearing before a magistrate judge. Mot. 2-3. In Comans' discussion of the procedural history of this case, she notes that, at the time she filed her motion to dismiss this appeal, the parties had agreed to proceed on the basis of written submissions to the magistrate judge and were awaiting a written opinion from the magistrate judge in lieu of a live hearing. *Id.*

Comans makes no argument that the need to conduct a name-clearing hearing renders the district court's judgment non-final. Nor could she. The hearing (which was not conducted by the district court) is not an additional proceeding prior to final judgment that would render the judgment non-final. Rather, it is the remedy ordered for the purported liberty deprivation claim that Comans prevailed upon in district court. No matter the outcome of the hearing, Comans' due process claim is remedied by the fact that a hearing occurs. The district court's July 21 order requiring such a hearing thus finally and fully resolves Coman's due process claim, leaving nothing more for the court to do than execute the judgment.

The limited purpose of the hearing also manifests that the district court's July 21 judgment is final. A name-clearing hearing is designed to "provid[e] a public forum or opportunity to clear one's name"—to give Comans the opportunity to be heard of which she was deprived—and is not an "actual review of the decision to discharge the employee." *Rosenstein v. City of Dallas, Tex.*, 876 F.2d 392, 395 (5th Cir. 1989) (citing *Board of Regents of State Colleges v. Roth*, 408 U.S. 564, 573 n.12 (1972)); *see also Doe v. U.S. Dep't of Justice*, 753 F.2d 1092, 1112 n.21 (D.C. Cir. 1985) (explaining that name-clearing hearing affords the "bare opportunity to be heard"); *Jennings v. Cty. Of Monroe*, 630 F. App'x 547, 556 (6th Cir. 2015)

("The point of a name-clearing hearing is *not* to argue over the reasons for termination."). This demonstrates that the outcome of a name-clearing hearing could not possibly alter the district court's judgment on the merits of Comans' claims challenging her termination and can have no bearing on the finality of the district court's July 21 judgment. *See, e.g., Budinich v. Becton Dickinson & Co.*, 486 U.S. 196, 199 (1988) ("A question remaining to be decided after an order ending litigation on the merits does not prevent finality if its resolution will not alter the order or moot or revise decisions embodied in the order."); *Brown Shoe Co. v. United States*, 370 U.S. 294, 308-09 (1962) (holding that order requiring divestiture was final for purposes of appeal challenging propriety of divestiture, notwithstanding the fact that the order contemplated future proceedings regarding the court's supervision of the divestiture plan). And if there were any doubt on this score, on October 13, the magistrate judge to whom the matter was referred issued a written opinion concluding the name-clearing proceedings. Dkt. 86. That opinion expresses a view on the veracity of statements made about Comans—a question that has no bearing on the merits of Comans' constitutional claims challenging her removal, further confirming that this remedial proceeding did not render the district court's judgment non-final.

Finally, Comans' suggestion that she "intends to petition for fees and costs," Mot. 3, does not render the district court's judgment non-final. On the contrary, it is well established that a request for attorney's fees "raises legal issues collateral to and separate from a decision on the merits," and that a decision on the merits is a "final decision" under 28 U.S.C. § 1291 even if the award or amount of attorney's fees for the litigation remains to be determined. *Budinich*, 486 U.S. at 200 (quotation marks omitted); *Ray Haluch Gravel Co. v. Central Pension Fund of Intern. Union of Operating Eng'rs & Participating Emp'rs*, 571 U.S. 177, 180 (2014). Accordingly, the fact that Comans' intends to request fees has no bearing on this Court's appellate jurisdiction.

**CONCLUSION**

For these reasons, this Court should deny plaintiff's motion to dismiss.

Respectfully submitted,

DANIEL AGUILAR
*/s/ Jennifer L. Utrecht*
JENNIFER L. UTRECHT
(202) 353-9039
*Attorneys, Appellate Staff*
*Civil Division, Room 7710*
*U.S. Department of Justice*
*950 Pennsylvania Ave., NW*
*Washington, D.C. 20530*

## CERTIFICATE OF COMPLIANCE

I hereby certify that this motion complies with the requirements of Federal Rule of Appellate Procedure 27(d). This motion response contains 3,962 words.

*/s/ Jennifer L. Utrecht*
Jennifer L. Utrecht

## CERTIFICATE OF SERVICE

I hereby certify that on October 19, 2026, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Fourth Circuit by using the appellate CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

*/s/ Jennifer L. Utrecht*
Jennifer L. Utrecht